DeKarske, Appellant, vs. Woelffer and others, Respondents.

*February 5—March 5, 1935.*

For the appellant the cause was submitted on the brief of *J. Elmer Lehr,* attorney, and *Lehr & Treis* of counsel, all of Milwaukee.

For the respondents there was a brief by *Skinner & Thauer* of Watertown, and oral argument by *Wallace Thauer.*

Wickhem, J. The complaint alleges that defendants formed what was known as the 105th Cavalry Band, of Watertown, Wisconsin, a voluntary organization; that on or about February 9, 1931, plaintiff and defendants entered into an agreement in writing for the performance of services on the part of plaintiff as band director for a period of one year,

at a compensation of $1,500 per year. The breach alleged is that on or about March 2, 1931, defendants refused to permit plaintiff to perform. The answer sets up that on or about February 9, 1931, during negotiations between the parties, while plaintiff had in his possession a written contract submitted for his approval by defendants, plaintiff fraudulently substituted a different contract to the defendant Woelffer, who was acting on behalf of the band, and by representations that this contract was the one previously submitted by the band, induced him to sign; that Woelffer discovered the fraud on the evening of February 9th, and advised the plaintiff by letter on February 11th that the contract signed was not the contract which he intended to or was authorized to sign; that on February 16, 1931, the band decided not to accept the contract signed by the plaintiff and the defendant Woelffer.

Plaintiff contends that the findings of fact are not sustained by the evidence. The facts need not be stated in great detail. During the course of negotiations between the parties, a contract calling for a year's employment of plaintiff by the band was submitted to him for approval by Woelffer. This contract provided that plaintiff direct twenty concerts without extra pay. It also provided that the band might terminate the contract at any time during the year if plaintiff's services were unsatisfactory or if the band's finances were insufficient to meet his salary. The contract as submitted by plaintiff for signature provided for eleven free concerts, and deleted the paragraph giving the option to the band to terminate plaintiff's services. It also varied from the proposed contract in several less important respects. The contract proposed by the band was submitted to plaintiff on January 6, 1931, for his consideration. The plaintiff took this draft to Milwaukee, and on February 2d came to Watertown to direct the band. Woelffer asked him at that time if the proposed contract was satisfactory, and plaintiff said he

wished additional time to consider it. A week later, on February 9th, plaintiff again returned to conduct a rehearsal. At this time he had with him a new form of contract which he had caused to be drawn up. On that evening, during an intermission of about five minutes in the rehearsal, Woelffer called plaintiff into another room and asked him if he had read the contract and if it was satisfactory. Plaintiff said it was and handed Woelffer the new contract. Woelffer signed it under the belief that he was signing the contract as originally proposed by the band. Upon discovering the mistake that same evening, notice of rescission was promptly given.

The evidence clearly sustains findings to the effect that the contract was signed by mistake, and that Woelffer was not guilty of such negligence as would preclude the defendants from setting up the defense of mistake. In *Johnson v. Parker*, 34 Wis. 596, it was said:

"Where a party enters into a contract under a clear *bona fide* mistake, ignorance or forgetfulness of facts material thereto, he may, on that account, avoid or rescind such contract, provided the rights of innocent third parties will not be prejudiced by such avoidance. And, in such case, it is not material to inquire whether such party might not, by reasonable diligence, have ascertained correctly the facts which he had forgotten, or in regard to which he was so mistaken or in ignorance as aforesaid."

*By the Court.*—Judgment affirmed.